## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD F. GLOSSENGER, SR.,                              :
                                                        :
                                    Plaintiff,          :
                                                        :
              v.                                        :   C.A. No. 06-287 (KAJ)
                                                        :
GREEN VALLEY PAVILION                                   :   Jury Trial Demanded
NURSING HOME,                                           :
                                                        :
                                    Defendants.         :
                                                        :

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Green Valley Pavilion Nursing Home ("Green Valley"), by and through its

undersigned counsel, responds to Plaintiff's Complaint and avers as follows:


### Parties

1.  Green Valley is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 1 and therefore, the allegations contained in

paragraph 1 are deemed denied.

2.  Admitted.

### Jurisdiction

3.  Paragraph 3 states a legal conclusion to which no response is required.  To the extent a

response is required, the allegations contained in paragraph 3 are deemed denied.

4.  The allegations contained in paragraph 4 state a legal conclusion to which no response is

required.  To the extent a response is required, the allegations contained in paragraph 4 are

deemed denied.

**Factual Background**

5. Admitted.

6. Admitted in part, denied in part. Green Valley admits only that on or about November 23, 1998, Plaintiff commenced employment with Green Valley in the Maintenance Department. The remaining allegations contained in paragraph 6 are denied.

7. Admitted in part, denied in part. Green Valley admits only that during the course of his employment, Plaintiff oversaw housekeeping, laundry and maintenance functions. The remaining allegations contained in paragraph 7 are denied.

8. Admitted.

9. Denied.

10. Denied.

11. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11, and therefore, the allegations contained therein are deemed denied.

12. Denied.

13. Admitted in part, denied in part. Green Valley admits only that Mary Casper contacted Plaintiff's wife to express her concerns about his behavior at work. The remaining allegations contained in paragraph 13 are denied.

14. Admitted in part, denied in part. Green Valley admits only that on May 24, 2004, Plaintiff was on vacation. Green Valley is without sufficient information or knowledge to form a belief as to the remaining allegations contained in paragraph 14 and therefore, they are denied.

15. Admitted in part, denied in part. Green Valley admits only that on June 7, 2004, because of the length of Plaintiff's service with Green Valley, Ms. Casper gave Plaintiff the option of resigning from his position rather than being terminated and that Plaintiff did not choose this

2

option and was dismissed from his employment. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore, the remaining allegations contained in paragraph 15 are denied.

16. Admitted in part, denied in part. Green Valley admits only that Plaintiff was terminated for his poor work performance including, but not limited to, the poor report Green Valley received from state inspectors. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 16 and therefore, the remaining allegations contained in paragraph 16 are deemed denied.

17. Denied.

18. Admitted in part, denied in part. Green Valley admits only that Plaintiff filed a charge of discrimination with the Delaware Department of Labor. The remaining allegations contained in paragraph 18 are denied.

19. Admitted in part, denied in part. Green Valley admits only that Plaintiff met with Dr. Allen Segal to discuss his termination and that Ms. Casper's employment with Green Valley ended on or about June 7, 2004 for reasons unrelated to Plaintiff. The allegations contained in the third sentence of paragraph 19 are denied. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 19 and therefore, the remaining allegations are deemed denied.

20. Admitted in part, denied in part. Green Valley admits only that on June 18, 2004, Plaintiff was rehired and that Plaintiff subsequently chose to withdraw his initial charge of discrimination. The remaining allegations contained in paragraph 20 are denied.

21. Denied.

22. Denied.

043482.00242/40164641v.1

23. Admitted in part, denied in part. Green Valley admits only that between the period June 18, 2004 through Plaintiff's termination on December 20, 2004, Plaintiff received two written warnings for separate offenses. The remaining allegations contained in paragraph 23 are denied.

24. Denied.

25. Admitted in part, denied in part. Green Valley admits only that Plaintiff was disciplined after Green Valley was cited by state inspectors for too many flies being in the building and that any documentation regarding the discipline speaks for itself. Green Valley is without sufficient information or knowledge to form a belief as to the remaining allegations contained in paragraph 25 and therefore, the remaining allegations contained in paragraph 25 are deemed denied.

26. Admitted in part, denied in part. Green Valley admits only that Plaintiff was disciplined for failing to obtain an extension with regard to the installation of a ramp going into the courtyard. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 26 and therefore, the remaining allegations contained in paragraph 26 are deemed denied.

27. Admitted in part, denied in part. Green Valley admits only that Plaintiff was also disciplined because he failed to make sure that the guard system on the doors was in working order. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 27 and therefore, the remaining allegations contained in paragraph 27 are deemed denied.

28. Admitted in part, denied in part. Green Valley admits only that Plaintiff was disciplined because he failed to inform Joyce Medkeff that call bells in one of the units was not working. Green Valley is without sufficient information or knowledge to form a belief as to the truth of

the remaining allegations contained in paragraph 28 and therefore, the remaining allegations contained in paragraph 28 are deemed denied.

29. Admitted in part, denied in part. Green Valley admits only that Plaintiff was disciplined for failing to respond to a list of maintenance issues that Joyce Medkeff gave him on or about July 29, 2004. The remaining allegations contained in paragraph 29 are denied.

30. Denied.

31. Admitted in part, denied in part. Green Valley admits only that on October 7, 2004, Plaintiff received his second written warning and that the document speaks for itself. The remaining allegations contained in paragraph 31 are denied.

32. Admitted in part, denied in part. Green Valley admits only that Plaintiff was disciplined for talking about his termination with other employees and that the document speaks for itself. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 32 and therefore, the remaining allegations contained in paragraph 32 are deemed denied.

33. Admitted in part, denied in part. Green Valley admits only that Plaintiff was disciplined for instructing the housekeepers not to assist the aides in removing trays after meals and that the document speaks for itself. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 33 and therefore, the remaining allegations contained in paragraph 33 are deemed denied.

34. Admitted in part, denied in part. Green Valley admits only that Plaintiff was disciplined for failing to manage his department's work assignments appropriately and that the document speaks for itself. Green Valley is without sufficient information or knowledge to

form a belief as to the truth of the remaining allegations contained in paragraph 34 and therefore,

the remaining allegations contained in paragraph 34 are deemed denied.

35. Admitted in part, denied in part. Green Valley admits only that Plaintiff

was disciplined because staff complained about Plaintiff's management style and that the

document speaks for itself. Green Valley is without sufficient information or knowledge to form

a belief as to the truth of the remaining allegations contained in paragraph 35 and therefore, the

remaining allegations contained in paragraph 35 are deemed denied.

36. Denied.

37. Admitted in part, denied in part. Green Valley admits only that on October 7, 2004,

Plaintiff was disciplined for acting inappropriately toward two Green Valley employees and that

on October 7, 2004 Plaintiff submitted a written response to the discipline and that the

documents speak for themselves. The remaining allegations contained in paragraph 37 are

denied.

38. Admitted in part, denied in part. Green Valley admits only that on October 7, 2006,

Plaintiff received a three-day suspension. The remaining allegations contained in paragraph 38

are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Green Valley is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 44 and therefore, the allegations contained in paragraph 44 are deemed denied.

45. Admitted in part, denied in part. Green Valley admits only that Chesapeake Utilities replaced the meter. Green Valley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 45 and therefore, the remaining allegations contained in paragraph 45 are deemed denied

46. Admitted in part, denied in part. Green Valley admits only that Plaintiff's employment with Green Valley was terminated, pursuant to Green Valley's discipline policy contained in its Handbook and that the document speaks for itself. The remaining allegations contained in paragraph 46 are denied.

47. Admitted.

48. Admitted.

49. Admitted in part, denied in part. Green Valley admits only that Plaintiff was eligible to receive unemployment compensation benefits pursuant to the Referee's decision which speaks for itself. The remaining allegations contained in paragraph 49 are denied.

## COUNT I

50. Paragraph 50 is a transition paragraph to which no response is required. To the extent a response is required, the answers contained in paragraphs 1-49 are incorporated as if set forth fully herein.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

043482.00242/40164641v.1

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 56 are deemed denied.

57. Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 57 are deemed denied.

## COUNT II

58. Paragraph 58 is a transition paragraph to which no response is required. To the extent a response is required, the answers contained in paragraphs 1-57 are incorporated as if set forth fully herein.

59. Denied.

60. Denied.

61. Denied.

## COUNT III

62. Paragraph 62 is a transition paragraph to which no response is required. To the extent a response is required, the answers contained in paragraphs 1-61 are incorporated as if set forth fully herein.

63. Denied.

64. Denied.

65. Denied.

## COUNT V[1]

66. Paragraph 66 is a transition paragraph to which no response is required. To the extent a response is required, the answers contained in paragraphs 1-65 are incorporated as if set forth fully herein.

67. Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 67 are deemed denied.

---

[1] Plaintiff misnumbered the Counts in the Complaint by omitting Count IV. To avoid confusion and for the sake of consistency, Green Valley has responded to the Complaint as presented.

8

68. Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 68 are deemed denied.

69. Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 69 are deemed denied.

WHEREFORE, Plaintiff is not entitled to judgment or any damages of any nature against Green Valley.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### Sixth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because Green Valley did not treat Plaintiff differently because of his age or his participation in protected activity under state or federal law.

043482.00242/40164641v.1

## Seventh Affirmative Defense

Plaintiff's claims fail, in whole or in part, because Green Valley's actions at all times were based upon legitimate non-discriminatory reasons.

## Eighth Affirmative Defense

Plaintiff unreasonably failed to take advantage of any internal complaint procedures and/or remedies provided by Green Valley, and/or to avoid harm otherwise.

## Ninth Affirmative Defense

At all relevant times, Green Valley acted in good faith with regard to Plaintiff and had reasonable grounds for believing that its actions were not in violation of any laws.

## Tenth Affirmative Defense

To the extent Plaintiff can demonstrate that he is entitled to damages, Plaintiff failed to mitigate such damages.

## Eleventh Affirmative Defense

Plaintiff is not entitled to some or all of the relief sought.

## Twelfth Affirmative Defense

Green Valley reserves the right to amend this Answer or to add additional affirmative defenses when they become known.

043482.00242/40164641v.1

Respectfully submitted,

BLANK ROME LLP

By: _____
Dale R. Dubé (I.D. No. 2863)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400
Fax: (302) 425-6464
dube@blankrome.com

Christine V. Bonavita
(Admitted *Pro Hac Vice*)
Tara G. Perillo
(Admitted *Pro Hac Vice*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500
bonavita@blankrome.com
perillo@blankrome.com

Dated: September 19, 2006

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2006, I served by First Class Mail and filed electronically DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, using CM/ECF which will send notification of such filing(s) to the following:

Timothy J. Wilson, Esquire
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

_____
Dale R. Dubé

043482.00242/40164641v.1